[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12125
Non-Argument Calendar

_____

D. C. Docket No. 04-00490-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS LOU ABUSAID, JR.,
a.k.a. Lou,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 27, 2007)**

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Elias L. Abusaid, Jr., appeals the district court's denial of his pro se motion for disclosure of grand jury material under Fed.R.Crim.P. 6(e), filed after we affirmed his conviction and sentence on one count of maintaining an establishment for the purpose of unlawfully distributing or using a controlled substance, in violation of 21 U.S.C. § 856(a)(2) and (b), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). For the reasons discussed below, we affirm.

In his Rule 6(e) motion, Abusaid requested (1) all exculpatory material presented to the grand jury, (2) the government's closing argument, (3) any explanation of the law presented to the grand jury, (4) all items related to the length of the term of the grand jury, (5) affidavits from the court reporters involved, (6) grand jury attendance records, and (7) the "entire transcript" of the grand jury session, except for the transcripts of testimony given by "facts witnesses." Abusaid indicated that he intended to pursue post-trial relief and that he needed the material to establish in those proceedings that a key government witness testified incompletely and inconsistently at trial. Abusaid acknowledged that he already had partial transcripts of the grand jury testimony given by the witness in question. The district court denied the motion, reasoning that the government had furnished the relevant transcripts before trial, pursuant to the Jencks Act, 18 U.S.C. § 3500.

We note that, since appealing the district court's denial of his Rule 6(e) motion,

Abusaid has filed in the district court a motion to vacate, set aside or correct

sentence, pursuant to 28 U.S.C. § 2255.

We review a district court's order granting disclosure of grand jury

transcripts for an abuse of discretion, keeping in mind that "the district court has

substantial discretion in determining whether grand jury materials should be

released." United States v. Aisenberg, 358 F.3d 1327, 1338, 1349 (11th Cir. 2004)

(internal quotation omitted). "It has long been a policy of the law that grand jury

proceedings be kept secret." Id. at 1346. Rule 6(e)(2) codifies this secrecy

principle and prohibits the disclosure of grand jury material except in the limited

circumstances described in Rule 6(e)(3). Id. at 1347. The portion of that provision

at issue is:

> (E) The court may authorize disclosure--at a time, in a manner, and
> subject to any other conditions that it directs--of a grand-jury matter:
>
>> (i) preliminarily to or in connection with a judicial proceeding;
>>
>> (ii) at the request of a defendant who shows that a ground may
>> exist to dismiss the indictment because of a matter that occurred
>> before the grand jury.

Fed.R.Crim.P. 6(e)(3)(E)(i) and (ii).[1]

---

[1] In his Rule 6(e) motion, Abusaid cited Rule 6(e)(3)(E)(ii). On appeal, however, Abusaid cites Rule 6(e)(3)(E)(i). While the government has argued that we should, therefore, review the district court's denial of disclosure under the latter provision for plain error only, we

The Supreme Court has held that the Rule 6(e) exceptions apply only when a party seeking disclosure of grand jury material shows a "particularized need" for that material. See Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). The Supreme Court explained that a party meets this standard when he shows "that the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed." Id. The Supreme Court stated that "such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations." Id. We have explained that a party meets the particularized need standard when he shows that "circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to specific grand jury material, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process." Aisenberg, 358 F.3d at 1348-49. We specifically cautioned, though, that a "blanket request for all . . . grand jury materials . . . cannot be described as the kind of particularized request required for the production of otherwise secret information." Id. at 1349.

Abusaid did not establish the requisite particularized need to merit

find it unnecessary to make this distinction because the record demonstrates that the district court did not abuse its discretion, such that it also did not commit plain error.

disclosure under Rule 6(e).  See Douglas Oil Co. of Cal., 441 U.S. at 222, 99 S.Ct. at 1674.  Specifically, Abusaid failed to establish that the material requested was needed to avoid a possible injustice in another judicial proceeding.  See id.  To this end, Abusaid was not involved in any other judicial proceeding before the district court when he submitted his motion and failed to specify how the material sought would help him obtain relief even in some future action.  Also, Abusaid acknowledged that he already had at least partial transcripts of the testimony given by the witness, and did not specify how any remaining portions of this testimony would help him.  Furthermore, Abusaid failed to describe any "difficulties peculiar to [his] case" that merited disclosure.  See Aisenberg, 358 F.3d at 1348-49.  Finally, while Abusaid's request was not a "blanket request for all . . . grand jury materials," it encompassed a wide array of material without any indication of how each part of the request alleviated his needs.  See id.

Accordingly, because Abusaid did not show that he had a particularized need for the material sought, the district court did not abuse its discretion in denying his motion.  See Aisenberg, 358 F.3d at 1338, 1349.  Therefore, we affirm the district court's denial of Abusaid's Rule 6(e) motion.

**AFFIRMED.**